**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY LEE SESTAK,

    Defendant - Appellant.

No. 19-8062
(D.C. No. 2:19-CR-00099-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT***
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver in Jeremy Lee Sestak's plea agreement. Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Mr. Sestak pleaded guilty to one count of distribution and attempted distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to serve 180 months in prison.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Although his plea agreement contained a waiver of his appellate rights, Mr. Sestak filed a notice of appeal. The government moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because Mr. Sestak's appeal is within the scope of the appeal waiver, he knowingly and voluntarily waived his appellate rights, and enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. Sestak, through counsel, concedes his appeal waiver is enforceable under the standard set forth in *Hahn*. Based on this concession and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factors).

Entered for the Court
Per Curiam

2